**Xiu Hui LIN, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States.**

No. 03–4799.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a):  Jan. 13, 2005.

Decided Feb. 3, 2005.

Bruno J. Bembi, Hempstead, NY, for Petitioner.

Jennifer L. Lightbody, Alison M. Igoe, Margaret Perry, Arthur L. Rabin, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before ROTH and CHERTOFF,*

---

* This case was originally submitted to the three judge panel of Roth, Chertoff and Irenas. Judge Chertoff subsequently recused. Because the remaining two judges agreed on the opinion and disposition of the case, it was unnecessary to assign a third judge. *Liner v. Phelps*, 731 F.2d 1201 (5th Cir.1984); *Murray*

Circuit Judges, and IRENAS,** Senior District Judge.

## OPINION

IRENAS, Senior United States District Judge.

Xiu Hui Lin seeks judicial review of the order of the Board of Immigration Appeals (BIA) of November 19, 2003, denying her application for asylum, withholding of deportation and protection under the Convention Against Torture (CAT). We will deny her petition.

### A.

Lin, a citizen of the People's Republic of China, was intercepted in Miami, Florida, on May 20, 2000, when she presented a fraudulent Malaysian passport under the name Ze–Ze Fong. On May 24, 2002, Lin participated in a "credible fear" interview with the INS. The INS issued a Notice to Appear (NTA) on June 8, 2000, alleging Lin was an arriving alien who attempted to gain entry into the United States by using a fraudulent passport. *See* 8 U.S.C. § 1182(a)(6)(C)(i), (7)(A)(i)(I).

On August 5, 2000, Lin submitted an application for asylum and withholding of removal. Lin admitted the allegations in the NTA and moved for a change in venue from Miami to Newark, New Jersey, which was granted on February 14, 2001. Lin also requested protection under CAT.

Upon her arrival to the United States, Lin initially claimed that she left China in order to avoid a forced marriage. She later admitted that there was no forced marriage and that she lied because the smuggler who arranged for her passage to the United States told her to tell that

story. In her asylum application and at her hearing, Lin alleged that she was subject to persecution in China because she was a parishioner at a government-prohibited unofficial Christian church.

Lin stated that her involvement in the unofficial Christian church was the basis for the local police arresting her, along with ten other parishioners, and detaining her for a week in August, 1999. During her detention, Lin claims that the police interrogated her, and when she would not provide information about the church leader, they slapped and beat her. Lin stated that the police again raided a church meeting a few months later, but she was not present. She claimed that she hid at her maternal grandmother's house in order to avoid interrogation and arrest by the police. She stated that the police looked for her at her mother's house eight or nine times, and each time questioned her mother about Lin's involvement in the church.

Lin indicated that she was a Christian, although she was never baptized. She stated at one point that her family members were Christians too, but later indicated that her father and his side of the family were Buddhist. She admitted that she attended the government-sponsored church occasionally, but stated that she preferred the unofficial Christian church, which she attended weekly. At the Christian church, she would sing, listen to sermons, and help with meeting set-up and clean-up.

An Immigration Judge (IJ) denied her application in a fourteen page opinion on May 13, 2002. The BIA affirmed the decision without opinion on November 19, 2003, and on December 18, 2003, Lin filed this petition for review.

---

*v. Nat'l Broadcasting Co.*, 35 F.3d 45 (2d Cir.1994).

** Honorable Joseph E. Irenas, Senior United States District Judge for the District of New Jersey, sitting by designation.

## B.

This Court reviews the determination of the BIA that Lin did not establish eligibility for asylum by showing "persecution or a well-founded fear of persecution on account of ... political opinion," *see* 8 U.S.C. §§ 1101(a)(42)(A), 1158, under the substantial evidence standard, *see Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002). The decision of the BIA must be affirmed "unless the evidence not only supports a contrary conclusion, but compels it." *Zubeda v. Ashcroft*, 333 F.3d 463, 471 (3d Cir.2003) (quoting *Abdille v. Ashcroft*, 242 F.3d 477, 484 (3d Cir.2001)).[1] In cases where the IJ's holding is based on an adverse credibility determination, the decision should be affirmed "if there is substantial evidence in the record to support it." *Senathirajah v. INS*, 157 F.3d 210, 216 (3d Cir.1998).

This Court will affirm the decision of the BIA because its conclusion that Lin does not have a "well-founded" fear of persecution is supported by substantial evidence. First, we agree with the IJ that Lin's claims were not credible because she gave inconsistent and at times false testimony. She changed the basis of her claim from first fearing a forced marriage to fearing religious prosecution. Indeed, she lied twice under oath about the threat of a forced marriage. In addition, she gave inconsistent testimony regarding her family's religious views and her role in the church.

Second, Lin did not provide sufficient corroboration regarding the alleged persecution, or even the existence of and her membership in the unofficial church. Lin did produce a letter from her mother and a letter from the government church in China. The IJ finding that the letter from her mother did not carry much weight was appropriate, because her mother was an interested witness and not subject to cross examination. (R. at 49.) The letter from the government church failed to demonstrate that Lin was a member of the underground church. The IJ also noted that Lin did not provide any affidavits from her fellow parishioners at the unofficial church. In addition, she did not produce her father, who was allegedly granted asylum and living in New York, as a witness, nor did she submit a sworn affidavit from him.

The record supports the BIA's conclusion that Lin was not persecuted in the past and will not be persecuted in the future based on her religion. Lin did not establish that she personally has a well-founded fear of persecution if she returns.[2] The Court will deny her petition for review.

---

1. In this regard, the decision of the IJ is treated as the final decision of the BIA because the BIA affirmed the decision without written opinion pursuant to 8 C.F.R. § 1003.1(e)(4). *See Dia v. Ashcroft*, 353 F.3d 228, 243 (3d Cir.2003).

2. Because Lin has not established that she has a "well-founded" fear of persecution for asylum purposes, she also has not met the higher standards of eligibility for withholding of removal, *see Zubeda v. Ashcroft*, 333 F.3d 463, 469 (3d Cir.2003), or for protection under CAT, *see Ambartsoumian v. Ashcroft*, 388 F.3d 85, 89 (3d Cir.2004).